**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

SAMUEL ALLEN STRONG,
*Defendant-Appellant.*

No. 02-4682

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

TONY LAMAR WEBB,
*Defendant-Appellant.*

No. 02-4739

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-02-51)

Submitted: June 4, 2003

Decided: June 17, 2003

Before NIEMEYER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Christopher R. Clifton, GRACE, HOLTON, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina; Thomas H. Johnson, Jr., GRAY, NEWELL, JOHNSON & BLACKMON, L.L.P., Greensboro, North Carolina, for Appellants. Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Samuel Allen Strong and Tony Lamar Webb were convicted by jury of bank robbery, 18 U.S.C. § 2113(a) (2000), bank robbery with a dangerous weapon, 18 U.S.C. § 2113(d) (2000), and carrying and using a firearm during a bank robbery, 18 U.S.C. § 924(c)(1)(A)(ii) (2000). Appellants raise five issues on appeal. Because we find no error, we affirm their convictions and sentences.

First, Strong and Webb assert that the district court erred in denying their Fed. R. Crim. P. 29 motion because testimony offered by Edward Terrell McLaughlin and Aminah Abdallah, the co-defendants who were Government witnesses, was inherently unreliable. Strong and Webb further contend that McLaughlin was a self-professed multiple felon and drug addict and that Abdallah changed her story a number of times during the course of the investigation of the robbery.

A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In evaluating the sufficiency of the evidence, we do not review the credibility of witnesses and assume the jury resolved all contradictions in the testimony for the government. *United States v.*

*Sun*, 278 F.3d 302, 313 (4th Cir. 2002). The uncorroborated testimony of one witness or an accomplice may be sufficient to sustain a conviction. *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997). The testimony of the co-defendants and the evidence offered by other witnesses, was sufficient for the jury to find Strong and Webb guilty of the robbery. *See United States v. Rose*, 12 F.3d 1414, 1425 (7th Cir. 1994) (noting that in a criminal case, one "'cannot expect that witnesses will possess the credibility of people of the cloth, such as rabbis, priests, and nuns; that is why one of the jury's roles is to decide the credibility of witnesses'") (quoting *United States v. Rovetuso*, 768 F.2d 809, 818 (7th Cir. 1985)). We find the district court properly denied Appellants' Rule 29 motion.

Second, Strong and Webb assert that the district court erred in admitting evidence of bad acts. They claim that the evidence was irrelevant under Fed. R. Evid. 401 and highly prejudicial under Fed. R. Evid. 403. Because Strong and Webb did not object at trial, our review is for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). When testimony concerns "acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996). Acts are intrinsic when they are "inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *Id.* (citation omitted). The evidence challenged on appeal is testimonial evidence regarding acts intrinsic to the charged crimes. We therefore find no plain error in the admission of such evidence.

Third, Strong and Webb contend that brandishment of the gun by McLaughlin, the co-defendant who entered the bank during the robbery, was not foreseeable to them and the district court erred in enhancing their sentences for that brandishment. 18 U.S.C. § 924(c)(ii); *U.S. Sentencing Guidelines Manual* § 2K2.4 (2001). The district court's application of the sentencing guidelines is reviewed for clear error as to the court's factual determinations; legal questions are subject to de novo review. *United States v. Blake*, 81 F.3d 498, 503 (4th Cir. 1996). Brandishing is a sentencing factor. *See Harris v. United States*, 536 U.S. 545, 556 (2002). The district court noted that Webb provided McLaughlin with the gun in Strong's presence and both Strong and Webb knew McLaughlin carried it into the bank. We

find no error in the district court's factual finding that it was reasonably foreseeable that McLaughlin would brandish the gun.

Fourth, Webb contends that the district court erred when it failed to award a downward adjustment for his role in the offense. USSG § 3B1.2, comment. (n.5). The district court agreed with Webb's assessment of his role as less than Strong's, but found Webb was involved in the surveillance of the bank, helped plan the robbery, and drove the switch car. We find that the district court did not err in concluding Webb was not a minor participant in the robbery.

Finally, Strong asserts that the district court erred by enhancing his offense level two levels for obstruction of justice, USSG § 3C1.1. The district court found Strong attempted to suborn perjury in a letter to McLaughlin. On appeal, Strong asserts he cannot be guilty of attempting to suborn perjury if McLaughlin did not commit perjury, and, because the letter was a reply to a letter written to him by McLaughlin, it was a form of entrapment. Both assertions are meritless. We find the district court properly enhanced Strong's offense level by two offense levels for attempting to suborn perjury. *See United States v. Johnson*, 316 F.3d 818, 819-20 (8th Cir. 2003).

Accordingly, we affirm Strong's and Webb's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*